UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER LOCKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00064-JPH-KMB |
| | ) |
| A. HARMON, | ) |
| J. GRAY, | ) |
| B. LUNSFORD, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff Christopher Lockett has filed a motion for assistance recruiting counsel. Dkt. 38. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives district courts the authority to "request" counsel. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers).

"When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear

1

competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655–56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Here, Mr. Lockett claims that he has only contacted two attorneys with requests for representation. Dkt. 38-1. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Thus, Mr. Lockett should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the

plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan*, 987 F.3d at 682 (quoting *Pruitt*, 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655).

Here, Mr. Lockett argues that he lacks the capacity to adequately and competently represent himself because he is incarcerated, has limited legal knowledge, and has limited access to the law library. Dkt. 38 at 2. As stated in the Court's previous order denying Mr. Lockett's motion for counsel, these issues affect most incarcerated individuals. *See* dkt. 28; *see also Mejia v. Pfister*, 988 F.3d 415, 419 (7th Cir. 2021) (explaining that lack of legal experience conducting a trial is true for the vast majority of *pro se* litigants); *Decker v. Sireveld*, 109 F.4th 975, 984–85 (7th Cir. 2024) (finding no abuse of discretion when the court denied the plaintiff's request for counsel because, despite being housed in a restricted housing unit with limited law library access, the court explained that it could extend deadlines as needed). Even though these are conditions faced by nearly all *pro se* incarcerated litigants, the Court lacks the resources to appoint counsel in every case filed by an incarcerated person. *See Austin v. Hansen*, 139 F.4th 604, 607 (7th Cir. 2025)

(explaining that the inability to recruit counsel is part of the practical approach endorsed by *Pruitt*).

Mr. Lockett also argues that he requires the assistance of recruited counsel at this stage in the case because the issues are complex. Dkt. 38 at 2. As the Court previously explained, Mr. Lockett's excessive force claims against the defendants are straightforward and based on facts within his personal knowledge. *See* dkt. 28 at 3. Furthermore, Mr. Lockett has demonstrated that he is capable of representing himself at this stage in the case. The parties are currently in discovery, which closes on August 28, 2025. Mr. Lockett has participated in discovery and filed various motions that coherently communicate his arguments to the Court. He should continue to work with opposing counsel to gather information. Thus, at this stage in the case, Mr. Lockett has shown that he is capable of representing himself.

For the above reasons, Mr. Lockett's motion for assistance recruiting counsel, dkt. [38], is **denied without prejudice**. If Mr. Lockett is unable to attain counsel, he may renew his motion for appointment of counsel by filling out the form motion for assistance with recruiting counsel that the Court will send to him along with his copy of this Order. **The clerk is directed** to send Mr. Lockett a copy of the form motion with his copy of this Order.

The Court will remain alert to changes in circumstances that may warrant reconsideration of Mr. Lockett's motion, such as a settlement

4

conference or trial. The Court has, however, determined that he is competent to this litigate this case *pro se* through discovery and summary judgment.

**SO ORDERED.**

Date: 7/9/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER LOCKETT
903486
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All electronically registered counsel